O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Los Angeles City Attorney, and THE CITY OF LOS ANGELES,<br><br>  Plaintiffs,<br><br>  v.<br><br>MONSANTO CO., SOLUTIA INC., and PHARMACIA LLC,<br><br>  Defendants. | Case № 2:22-cv-02399-ODW (SKx)<br><br>**ORDER GRANTING MOTION TO REMAND [28]** |

## I.    INTRODUCTION

Plaintiffs The People of the State of California, acting by and through the Los Angeles City Attorney ("California"), and the City of Los Angeles ("City") move to remand this action to state court for lack of subject-matter jurisdiction. (Mot. Remand ("Motion" or "Mot."), ECF No. 28.)  Plaintiffs argue that Defendants Monsanto Company, Solutia Inc., and Pharmacia LLC cannot establish diversity jurisdiction under 28 U.S.C. § 1332(a) because actions on behalf of the State of California, with certain exceptions not applicable here, are not subject to diversity jurisdiction. (*Id.* at 1.)  The Court heard argument from the parties on June 27, 2022.  For the reasons discussed below, the Court **GRANTS** the Motion.

## II. BACKGROUND

This action arises from Monsanto's decades-long pollution of California's waterways with the toxic chemical polychlorinated biphenyl ("PCB"). (*See* Notice of Removal ("NOR") Ex. A ("Compl."), ¶ 1, ECF No. 1-1.) Plaintiffs allege that Monsanto sold PCB commercially from 1929–1977,[1] and produced 99% "of all PCBs used or sold within the United States." (*Id.* ¶ 2.) According to Plaintiffs, Monsanto knew about the toxicity of PCBs from as early as 1937, yet nevertheless marketed its PCB products for a variety of common household uses. (*Id.* ¶¶ 4, 10.) Further, during the period it was selling PCB products, Monsanto knew that PCBs could not be contained and would eventually spread into California's waterways. (*Id.* ¶ 11.)

PCB is associated with a variety of ailments, including neurobehavioral changes, liver enlargement, and cancer. (*Id.* ¶¶ 62–63.) PCB has also had a devastating impact on wildlife, particularly fish, which are now too toxic for Californians to eat in large quantities. (*See id.* ¶¶ 16, 58, 60, 76, 169–70.) Plaintiffs claim that PCBs have done significant damage to the City's stormwater and wastewater systems and other properties. (*Id.* ¶¶ 154–60, 179–85.) PCBs have also contaminated Californian waterways, including Santa Monica Bay, Los Angeles Harbor, and Marina Del Rey. (*Id.* ¶ 161.) Accordingly, Plaintiffs allege, the toxicity of the water has resulted in California residents' loss of the use and enjoyment of California's natural resources. (*Id.* ¶¶ 167–78.)

On March 4, 2022, Plaintiffs filed this action against Defendants in the Los Angeles County Superior Court, asserting two claims pursuant to California Code of Civil Procedure 731. (*See* Compl. ¶¶ 186–206.) California asserts an abatement of public nuisance cause of action. (*Id.* ¶ 187.) Separately, the City asserts a public nuisance damages cause of action. (*Id.* ¶ 197.) Together, Plaintiffs seek (1) an abatement order that includes funding for future PCB abatement measures;

---

[1] Monsanto began producing PCBs in 1935 after acquiring Swann Chemical Company, which had been producing PCBs since 1929. (Compl. ¶ 31.)

(2) monetary damages for the City; (3) any other monetary damages permitted by law; (4) a judicial determination that Defendants are liable for future costs relating to the investigation, remediation, and removal of PCBs on the City's properties and resources held in trust; (5) attorneys' fees and litigation costs; (6) pre-judgment and post-judgment interest; and (7) other relief the Court finds proper. (*Id.* at 35, Prayer for Relief.)

Defendants removed the action to this Court, alleging diversity jurisdiction by excluding California. (NOR ¶¶ 11–26.) Plaintiffs now move to remand. (*See* Mot.) The Motion is fully briefed. (*See* Opp'n, ECF No. 37; Reply, ECF No. 39.)

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, based on federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

## IV. DISCUSSION

Plaintiffs argue that this Court lacks jurisdiction because California is a party to the action and defeats diversity.[2] (Mot. 1.) Defendants contend that California is not a real party in controversy and that complete diversity exists between themselves and the only real plaintiff in the case, the City. (NOR ¶¶ 11–20; Opp'n 1.)

To determine diversity of citizenship, the Court looks to the face of the complaint. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Here, in the Complaint, Plaintiffs identify "the People of the State of California" as a plaintiff. (Compl. ¶ 22.) "The 'People of the State' and 'The State' are descriptive of the same sovereignty." *California v. Purdue Pharma L.P.*, No. SACV 14-1080-JLS (DFMx), 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014) (quoting *People by & Through Dep't of Pub. Works v. Glen Arms Estate, Inc.*, 230 Cal. App. 2d 841, 854 n.10 (1964)). A state is not a citizen for the purposes of diversity. *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). However, "the mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the federal court when it appears that the state has no real interest in the controversy." *Ex Parte Nebraska*, 209 U.S. 436, 444 (1908). Thus, the Court is required to "look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (citing *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907)).

### A. *Lucent* and *Nevada*—Real Party in Interest

The Ninth Circuit instructs courts determining whether a state is a real party in interest to examine "the essential nature and effect of the proceeding as it appears from the entire record." *Dep't of Fair Emp. & Hous. v. Lucent*, 642 F.3d 728, 740 (9th Cir. 2011) (quoting *Geeslin v. Merriman*, 527 F.2d 452, 455 (6th Cir. 1975)).

---

[2] Plaintiffs do not challenge Defendants' contention that the amount in controversy requirement is met. Accordingly, the Court accepts Defendants' assertion for the purposes of this Motion. (*See* NOR ¶¶ 21–26.)

First, a court should analyze relevant state law to determine whether the state has a specific and concrete interest in the litigation or only a general one. *Id.* at 738. Then, the court should review the remedies the plaintiffs requested. *Id.* at 739. If the "relief sought is that which inures to it alone," the state may be a real party in interest. *Id.* at 737 (quoting *Mo., Kan. & Tex. Ry. Co. v. Hickman* ("*Missouri Railway*"), 183 U.S. 53, 59 (1901)).

In *Lucent*, the Ninth Circuit found the plaintiff, California Department of Fair Employment and Housing acting on behalf of the State of California, did not meet this standard when it brought a wrongful termination action for Lucent's former employee. *Id.* at 735. There, the court concluded that California possessed only a general interest in the litigation and that most of the forms of relief requested "could be obtained by the individual aggrieved." *Id.* at 738–39. Therefore, because California's interest was not concrete and the requested remedies did not inure to California alone, the Ninth Circuit held that California was not a real party in interest.

One year later, in *Nevada v. Bank of America Corp.*, the Ninth Circuit clarified its holding in *Lucent* and emphasized that the state needed only have a "substantial interest" in the remedies to be considered a real party in interest. 672 F.3d 661, 671 (9th Cir. 2012). In *Nevada*, Nevada's Attorney General filed a complaint in Nevada state court on behalf of Nevada consumers against Bank of America and related entities for deceptive trade practices in relation to the 2008 mortgage crisis. *Id.* at 664. Bank of America removed the case to federal court based on the Class Action Fairness Act ("CAFA"). *Id.* at 665. However, the Ninth Circuit found that, unlike California in *Lucent*, Nevada had a "specific, concrete interest in eliminating any deceptive practices" that had allegedly injured many Nevadans, as well as a substantial interest in the requested remedies including injunctive relief and civil penalties. *Id.* at 670–71. Therefore, after examining the entire record, the court held that Nevada was a real party in interest, which destroyed diversity for CAFA jurisdiction. *Id.* at 672.

As discussed below, the Court finds the present case more analogous to *Nevada* than *Lucent*: California is a real party in interest here and remand is required.

### B. California as a Real Party in Interest

Defendants argue that the relief sought and interests served are local and the State of California is therefore not a real party in interest here, meaning the complete diversity between the remaining parties supports the Court's subject matter jurisdiction. (NOR ¶¶ 14–17.) Plaintiffs contend that, under *Nevada*, California is a real party in interest that defeats diversity jurisdiction because it has specific interests in the litigation and will receive substantial benefits from the remedies. (Mot. 1–2.)

Plaintiffs have the better argument. Like the state in *Nevada*, the State of California here has concrete interests in this litigation and will substantially benefit from the remedy of abatement. California desires to clean its waters of PCBs, keep its fish and wildlife healthy, keep its beaches usable, and prevent deadly diseases that arise from the ingestion of PCBs. (*See generally* Compl.) Further, California's substantial benefit from the remedy of abatement directly relates to its concrete interests. California asserts that an abatement would help clean its waters, improve the health and well-being of its wildlife, and help its citizens avoid serious diseases. (*Id.*) As California has concrete interests and will derive substantial benefit from the requested remedies, the Court finds that California is a real party in interest in this case. *See Nevada*, 672 F.3d at 670–71.

The parties also dispute whether California Code of Civil Procedure 731, on which Plaintiffs' claims are based, authorizes an action on behalf of the state. Defendants argue that section 731 gives city attorneys the power to bring only *local* public nuisance claims. (NOR ¶ 16; Opp'n 7.) In contrast, Plaintiffs contend section 731 delegates power to city attorneys to bring public nuisance claims *on behalf of California should the public nuisance fall within their city*. (*See* Mot. 12.) Again, Plaintiffs have the better argument. Section 731 reads, in relevant part:

>A civil action may be brought in the name of the people of the State of California to abate a public nuisance . . . by the district attorney or county counsel of any county in which the nuisance exists, or by the city attorney of any town or city in which the nuisance exists. Each of those officers shall have concurrent right to bring an action for a public nuisance existing within a town or city.

Cal. Civ. Proc. Code § 731. The plain language of the statute allows the City Attorney to bring public nuisance claims "in the name of the people of the State of California." *Id.*; *cf. California v. Exide Techs. Inc.*, No. CV 14-1169 ABC (MANx), 2014 WL 12607708, at *1–2 (C.D. Cal. Apr. 9, 2014) (finding similar plain language in the Health and Safety Code authorizes actions on behalf of the State of California). Further, the plain language of the statute allows the City Attorney to bring an abatement action as a remedy on behalf of the State of California. Cal. Civ. Proc. Code § 731. Nothing in the statute's language expressly limits city attorneys to only "local" claims, as Defendants contend.

Defendants cite *California v. M & P Investments*, 213 F. Supp. 2d 1208 (E.D. Cal. 2002), to argue that, despite the plain language of section 731, city attorneys can bring only local or parochial actions. (NOR ¶ 16; Opp'n 14.) However, *M & P* is dissimilar from the present case in significant ways. First, unlike the present case, *M & P* did not consider a remand motion. *See M & P*, 213 F. Supp. 2d at 1219. Instead, the question before the court was whether it could grant an injunction for the plaintiff that would require state agencies to enforce it. *Id.* at 1210–11. Second, in *M & P*, the attorney general and state agencies expressly opposed the city attorney's assumption of authority to act on behalf of the people of the state of California under section 731. *Id.* at 1213–14. Here, the Attorney General of the State of California has expressed no such opposition.

Further, more recent cases have interpreted section 731 to permit city and county attorneys to bring public nuisance claims on behalf of California, including specifically when resolving remand motions. For example, in *California v. Purdue*

*Pharma*, the Orange County District Attorney and Santa Clara County Counsel brought a public nuisance action against a pharmaceutical company for falsely advertising highly addictive opioid medications. 2014 WL 6065907, at *1. The court ruled that public nuisance actions brought by a county attorney were brought on behalf of the State of California. *Id.* at *3. Therefore, because California destroyed diversity, the court remanded the case to state court. *Id.* at *4. Similarly, in *County of Santa Clara v. Wang*, the county attorney of Santa Clara brought a public nuisance action on behalf of the State of California on five properties in the county. No. 5:20-cv-05823-EJD, 2020 WL 8614186 at *2 (N.D. Cal. Sept. 1, 2020). The court there found that the county attorney representing "[p]laintiffs bring[s] this public nuisance action on behalf of the People of the State of California and the real party in interest is the State itself." *Id.* (citing *Purdue Pharma*, 2014 WL 6065907, at *2). Accordingly, the court remanded the case back to state court for lack of diversity jurisdiction. The Court agrees that section 731 allows city and county attorneys to bring public nuisances actions on behalf of California as a real party in interest.

Finally, the Court is not persuaded by Defendants' argument that the State of California cannot be a real party in interest because the remedies and interests in this case are primarily "local" or "parochial," and therefore do not satisfy *Lucent's* and *Nevada's* requirement that the state possess significant, substantial interests in the action. (NOR ¶ 17.) In the Notice of Removal, Defendants argue that "[w]hen the 'primary relief sought and interests served' are parochial, the State is not the real party in interest." (*Id.* ¶ 14 (quoting *In Re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1127 (N.D. Cal. 2019)).) Defendants contend that, because the alleged pollution here took place exclusively within the City, and the relief sought would primarily take place within the City's boundaries, the State cannot be a real party in interest under *Lucent* and *Nevada*. (*Id.* ¶¶ 15, 17.)

Although Defendants argue this point strenuously, (Opp'n 1, 7, 11, 13 n.8, 15), the Court has not identified any other court to follow Defendants' "parochial" test, and

Defendants cite no authority, other than *In Re Facebook*. This makes sense, as such a rule would unreasonably narrow the holding of *Nevada*. Take for example, a debate drawn from the briefs in this case: whether the State of California has a substantial interest in preventing pollution in its state *only* when that pollution crosses a city or county border through migrating fish. (*See* Mot. 7 (responding to Defendants' argument to this effect and asserting that "[m]uch of the PCB load in Los Angeles stormwater ultimately reaches Santa Monica Bay, where the contaminants end up in . . . coastal fish that move up and down the entire California coastline").) The answer is no; *Nevada* provides a broader rule than Defendants seek.

The Ninth Circuit demands that a state have a specific and concrete interest in the litigation and that the relief substantially benefits the state for it to be considered a real party in interest. *Nevada*, 672 F.3d at 670–71. Applying this test, as discussed above, the Court finds that California has specific interests in this litigation and substantially benefits from the requested relief. Therefore, California is a real party in interest in this case. Consequently, the parties are not diverse, and the Court lacks subject matter jurisdiction.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Motion to Remand. (ECF No. 28.) The case is remanded to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 22STCV07958. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

June 30, 2022

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**